IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

VITALY S. PALAMARACHOUK, :
:
    Plaintiff, :
:
v. : Civ. Action No. 08-080-JJF
:
SECRETARY MICHAEL :
CHERTOFF, EMILIO :
GONZALEZ, PAUL NOVAK, and :
ROBERT S. MUELLER, III, :
:
    Defendants :

---

Vitaly S. Palamarchouk, Newark, Delaware. Pro se Plaintiff.

Lesley F. Wolf, Assistant United States Attorney, Wilmington, Delaware, Delaware. Attorney for Defendants Michael Chertoff, Emilio Gonzalez, Paul Novak, and Robert S. Mueller, III.

---

**MEMORANDUM OPINION**

July 30, 2008
Wilmington, Delaware

**Farnan, District Judge** *[signature]*

Plaintiff Vitaly S. Palamarchouk ("Plaintiff") filed his Complaint For Writ In The Nature Of Mandamus And Declaratory Judgment on February 7, 2008. (D.I. 1.) He proceeds pro se. Presently before the Court is Defendants' Motion To Dismiss, Plaintiff's Motion For Summary Judgment, and Defendants' Motion To Stay Plaintiff's Motion For Summary Judgment and responses, thereto. (D.I. 9, 13, 14.) For the reasons set forth below, the Court will grant in part and deny in part Defendants' Motion To Dismiss. The Court will grant Defendants' Motion To Stay, and will deny as premature Plaintiff's Motion For Summary Judgment.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action on February 7, 2008, to compel Defendants Michael Chertoff, Secretary of the Department of Homeland Security; Emilio Gonzalez, Director of the United States Citizenship and Immigration Services; Paul Novak, Director of the Vermont Service Center United States Citizenship and Immigration Services; and Robert S. Mueller, III, Director of the Federal Bureau of Investigation ("FBI") to take action on his Petition For Naturalization. Defendants filed a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In turn, Plaintiff filed a Motion For Summary Judgment and seeks a remand to the United

States Citizenship and Immigration Services ("USCIS") for adjudication within thirty days. Defendants ask the Court to stay ruling on the Summary Judgment Motion pending disposition of their Motion To Dismiss. Plaintiff does not oppose the Motion. (D.I. 16.) Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1331[1] in conjunction with the Mandamus Act, 28 U.S.C. § 1361[2], the Declaratory Judgment Act, 28 U.S.C. § 2201[3], and the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b). He concedes there is no jurisdiction under the Declaratory Judgment Act. (See D.I. 11.)

Plaintiff was granted permanent resident status on July 29, 2001, as a professional holding an advanced degree. He filed a form N-400 Petition For Naturalization which was received by the USCIS on April 21, 2006.

Plaintiff submitted his fingerprints to the USCIS Dover Office on June 6, 2006. In January 2007 Plaintiff discovered from the USCIS's website that his case was outside of normal

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[2] "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

[3] The Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., grants federal courts the authority to render declaratory relief. It does not, however, create or grant jurisdiction.

processing time. He was informed on February 22, 2007, that the case was delayed and not ready for a decision due to pending required security checks. Plaintiff was told to contact USCIS in six months if he had not received a decision or notice of action. Plaintiff made a second inquiry on July 13, 2007, and received a letter on August 15, 2007, from the USCIS informing him that his case was at the Vermont Service Center and that the processing of the case had been delayed as the background investigation remained open. Once again, Plaintiff was told to contact USCIS within six months if he did not receive a decision or notice of action within that time frame. Plaintiff made a third inquiry on November 13, 2007, and received an e-mail on November 20, 2007, advising that the case was delayed due to an open background investigation.

Plaintiff alleges that the FBI has failed to take any action on his name check request. He further alleges that Defendants have failed to adhere to their regulations and have improperly delayed the processing of his application. Plaintiff claims injury due to the unreasonable delay in adjudicating his application as he is not entitled to benefits only available to United States citizens and he has lost significant work time in pursuing naturalization. Plaintiff alleges Defendants have violated the APA by failing to complete the application within a reasonable time. He asks the Court to: (1) assume jurisdiction

-4-

over the matter; (2) declare that the Defendants' failure to act is illegal, arbitrary, capricious, and an abuse of discretion; (3) compel Defendants to act on completing Plaintiff's name check and to adjudicate his application within a reasonable time period specified by the Court; and (4) award him reasonable costs of suit.

Defendants argue that the Court does not have subject matter jurisdiction, the Complaint fails to state a claim upon which relief may be granted, and a twenty-four month delay is not unreasonable. (D.I. 10, 15.) Defendants advise the Court that they believe the case will soon be moot as they learned on June 20, 2008, that Plaintiff's name check had cleared, his fingerprinting had cleared, his application was moving through the process, and the USCIS had Plaintiff in the queue awaiting scheduling of his interview. (D.I. 14.) Plaintiff advises that he received a notice for an initial interview to take place on August 1, 2008. (D.I. 17.)

## II. DISMISSAL STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. In reviewing a facial challenge under Rule

12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the Court must accept all factual allegations in the Complaint as true, and the Court may only consider the Complaint and documents referenced in or attached to the Complaint. Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the Complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction over a Complaint is challenged, Plaintiff bears the burden of proving that jurisdiction exists. Mortensen, 549 F.2d at 891.

### B.  Rule 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403,

406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at

-7-

235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. DISCUSSION

Numerous cases have been filed by immigrants across the United States alleging improper and unnecessary delays as they seek to become naturalized United States citizens. It appears that the government generally moves for dismissal on the basis of lack of subject matter jurisdiction, but while the case winds through the Court, the issues become moot as the individuals become naturalized. Five similar cases have been filed in this District, and each have been voluntarily dismissed, presumably because Plaintiffs obtained the desired result. See Civ. No. 07-120-GMS-MPT, Chaudhry v. Chertoff; Civ. No. 07-263-SLR, Ostergaard v. Chertoff; Civ. No. 07-534-GMS, Allie v. Chertoff; 07-545-SLR, Mostafa v. Novak; Civ. No. 07-732-JJF, Hadier v. Novak.

Defendants argue that there is no subject matter

-8-

jurisdiction under the Declaratory Judgment Act,[4] the Mandamus Act, the APA, or the federal question jurisdiction statute and, therefore, the Complaint should be dismissed. Plaintiff responds that there is subject matter jurisdiction under the Mandamus Act and the APA and the motion should be denied.

### A. Naturalization Law

A person seeking to acquire rights as a citizen "can rightfully obtain them only upon terms and conditions specified by Congress." I.N.S. v. Pangilinan, 486 U.S. 875, 884 (1988) (quoting United States v. Ginsberg, 243 U.S. 472, 474 (1917)). A person who has been lawfully admitted to the United States for permanent residence may become a citizen, subject to the requirement that he or she establish continuous residence in the United States in the five years preceding the filing of the application and make a showing of good moral character. 8 U.S.C. § 1427(a). Pursuant to statute and applicable regulations, an applicant must complete a four-step process to obtain naturalization, as follows: (a) complete and submit an application for naturalization (N-400), along with the required fee, submit a set of fingerprints, provide information pertinent to his or her good moral character, and tender a complete account of any criminal background; (b) undergo a three-tiered background

---

[4]As mentioned, Plaintiff concedes that jurisdiction does not exist under the Declaratory Judgment Act. Therefore, the Court will grant Defendants' Motion To Dismiss on this issue.

-9-

investigation; (c) appear for examination by a designated naturalization officer who has the discretion to grant or deny the application;[5] and (d) if approved, take the oath of allegiance in order to become a citizen. See 8 U.S.C. § 1446; 8 C.F.R. § 335; Ajmal v. Mueller, Civ. No. 07-206, 2007 WL 2071873, at *2 (E.D. Pa. July 17, 2007).

### B. Jurisdiction Under the Mandamus Act, 28 U.S.C. § 1361

Under Section 1361, "the test for jurisdiction is whether mandamus would be an appropriate means of relief" as it is considered an "extraordinary remedy." Mallard v. United States Dist. Ct. for the S. Dist. Of Iowa, 490 U.S. 296, 308 (1989). It is "seldom issued and its use is discouraged." In re Patenuade, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted).

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). The duty owed by the government must be "a legal duty which is a specific, plain ministerial act 'devoid of the exercise of judgment or

---

[5] If the application is denied, the applicant may, within 180 days, request an administrative hearing before a senior immigration officer. If denied again, and having exhausted his or her administrative remedies, the application may seek de novo judicial review in a United States district court. 8 C.F.R. § 335.9.

discretion.'  An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt." Harmon Cove Condo. Ass'n v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987) (citing Richardson v. United States, 465 F.2d 844, 849 (3rd Cir. 1972) (en banc), rev. on other grounds, 418 U.S. 166 (1974)).

### C. Jurisdiction Under the Administrative Procedures Act

Plaintiff also asserts jurisdiction under the Administrative Procedures Act ("APA"), which governs judicial review of agency decisions.  "The APA does not provide an independent basis for federal jurisdiction." Elhaouat v. Mueller, Civ. No. 07-632, 2007 WL 2332488, at *3 n.5 (E.D. Pa. Aug. 9, 2007) (citing Califano v. Sanders, 430 U.S. 99, 107 (1977).  Jurisdiction for an APA claim is based on federal question jurisdiction under 28 U.S.C. § 1331.

Pursuant to the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  "Agency action" includes the failure to act.  5 U.S.C. § 551(13).  The APA also requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Under the APA, the

reviewing court has the power to "compel agency action unlawfully withheld or unreasonably delayed". 5 U.S.C. § 706(1).

**D. Discussion**

Initially the Court notes it appears since the filing of the Complaint that Plaintiff's name check/background investigation is complete. Plaintiff has been notified to appear for an interview on August 1, 2008. Accordingly, Plaintiff's claims against FBI Director Mueller are moot and will be dismissed.

"Most of the courts that have addressed the issue agree that, for purposes of compelling agency action that has been unreasonably delayed, the mandamus statute and the APA are co-extensive." Costa v. Chertoff, Civ. No. 07-2467, 2007 WL 4456218 (E.D. Pa. Dec. 11, 2007) (citations omitted). Therefore, the Court will concurrently address the issues of jurisdiction under both Acts.

Defendants rely upon Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55 (2004), to support their position that this Court does not have subject matter jurisdiction. Norton holds that "the only agency action that can be compelled under the APA is action legally required" and, therefore, an agency's delay in acting "cannot be unreasonable with respect to action that is not required." Id. at 63, n.1. Defendants contend that there is no statutory requirement for the FBI to process name checks or for the USCIS to adjudicate naturalization applications within a

-12-

specific time frame.

The Third Circuit has not yet addressed the issues raised in this case and district courts within the Third Circuit and elsewhere are split. And while many district courts have held that USCIS has a nondiscretionary duty under the APA or the Mandamus Act to adjudicate naturalization applications within a reasonable time, it is far from unanimous. Hamandi v. Chertoff, 550 F. Supp. 2d 46, n.5 (D.D.C. 2008). Some courts have held that, because there is no statutorily established time frame for adjudicating applications, the pace of adjudication is within the discretion of the agency. See Costa v. Chertoff, Civ. No. 06-5911 SRC, 2007 WL 4456218, at *3 (citing Li v. Gonzales, 2007 WL 1303000, at *6 (D.N.J. May 3, 2007) (holding that "there is no statutory or regulatory provision compelling adjudication within a certain time period, and a decision by immigration officials to withhold adjudication is within their discretion"); Badier v. Gonzales, 475 F. Supp. 2d 1294, 1297 (N.D. Ga. 2006) (same)). Conversely, other courts to consider the issue have determined that the USCIS has a non-discretionary duty to adjudicate applications. Costa v. Chertoff, 2007 WL 4456218, at *4 (citing Kaplan v. Chertoff, 481 F. Supp. 2d 370 (E.D. Pa. 2007); Elhaouat v. Mueller, 2007 WL 2332488 (E.D. Pa. Aug. 9, 2007); Mocanu v. Mueller, Civ. No. 07-0445,, 2007 WL 2916192 (E.D. Pa. Oct. 3, 2007)). See also Sidhu v. Chertoff, Civ. No. 07-CV-1188 AWI SMS,

-13-

2008 WL 540685, at *6 (E.D. Ca. Feb. 25, 2008)(USCIS has a mandatory duty to adjudicate naturalization applications within a reasonable time); Cf. Qadir v. Gonzales, Civ. No. 07-3741(FLW), 2008 WL 2625314 (D.N.J. June 27, 2008) (no mandatory duty to take action on an application for naturalization until the FBI has completed its background checks).

In reading the regulations, it is clear that there is a non-discretionary duty to adjudicate applications.  The regulations use mandatory, rather than permissive language.  More specifically, 8 C.F.R. § 316.14(b)(1) provides that "[s]ubject to supervisory review, the employee of the Service who conducts the examination [on an application for naturalization] shall determine whether to grant or deny the application, and shall provide reasons for the determination . . . ."  Id.; see also Kaplan, 481 F. Supp. 2d at 399.  Therefore, the Court joins those courts who have concluded that "the [USCIS] simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely."  Kaplan, 481 F. Supp. 2d at 399 (quoting Kim v. Ashcroft, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004)).  "[T]he USCIS has a mandatory, non-discretionary duty to adjudicate applications for naturalization, . . ., within a reasonable period of time - 'that neither Congress nor the agency has specified the time frame for doing so makes no difference.'"  Elhaouat v. Mueller, 2007 WL 2332488, at

-14-

*4 (citing <u>Public Citizen Health Research Group v. Chao</u>, 314 F.3d 143, 152 (3d Cir. 2005)).  For the above reasons, the Court will deny Defendants' Motion To Dismiss on the basis of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**E.   Rule 12(b)(6) Motion**

The Court accepts the factual allegations as true and takes them in the light most favorable to Plaintiff.  Plaintiff alleges violations of the APA by Defendants' unreasonable delay in adjudicating his application for naturalization filed over two years ago and adequately alleges a claim upon which relief may be granted.  Therefore, the Court will deny Defendants' Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**IV.  CONCLUSION**

Based upon the foregoing, the Court will grant in part and deny in part Defendants' Motion To Dismiss.  (D.I. 9.)  The Court will grant as unopposed Defendants' Motion To Stay and will deny as premature Plaintiff's Motion For Summary Judgment.  (D.I. 13, 14.)  The Court will dismiss as moot the claims against FBI Director Mueller.  An appropriate Order will be entered.